# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ENRIQUE VEGA,<br><br>      Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Case No. LA CV 17-1406 R (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Motion for Relief from Judgment, or Motion to Vacate, Set Aside or Correct a Sentence ("Motion"), [Dkt. No. 1], the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 4], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 8], the remaining record, and has made a *de novo* determination.

In his Objections, Petitioner contends that the law governing the claims in his Motion have changed and justify relief. (Obj. at 1, 3.) He further contends that his Motion should be construed as a Federal Rules of Civil Procedure, Rule 60(b) motion for relief from judgment, and not as a disguised second or successive federal habeas petition without authorization from the Court of Appeals, as the R&R found it to be. (*Id*. at 1, 3-4); (*see* R&R at 3.)

1

As a rule, a motion for relief from judgment following denial of a habeas petition that attempts to advance substantive claims, such as "contend[ing] that a subsequent change in substantive law is a 'reason justifying relief' . . . from the previous denial of a claim. . . . although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005) (internal citations omitted).

Here, Petitioner contends that "[i]n light of the plethora of cases from Courts of [A]ppeal and the Supreme Court subsequent to this Court imposing sentence [sic], Movant is clearly innocent of being a repeat offender for [21 U.S.C.] § 851." (Obj. at 1.) Petitioner further states that he "has never had a full and fair determination of his mandatory minimum sentence, either through ineffective counsel or the changing winds of appellate decisions." (*Id*. at 3.) However, this claim of ineffective assistance of counsel for failing to challenge the application of Section 851 was previously denied. [*See* Dkt. No. 1 at 20-28.] Also, his contention that the law now justifies relief is unavailing here, as a motion for relief from judgment that includes a claim on the grounds of a change in law is still treated as a successive habeas petition if his habeas petition has previously been denied. *See Gonzales*, 545 U.S. at 531.

Therefore, because Petitioner's motion is in substance a successive habeas petition without authorization from the Court of Appeal, the motion is denied without prejudice.

//

//

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action without prejudice; and

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: July 11, 2017

HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE